IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL C. KALASHEH,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-05103-JDW |
| : | |
| **VERDANTAS LLC,** : | |
| Defendant. : | |

## MEMORANDUM

Michael C. Kalasheh asserts claims against his former employer Verdantas LLC for disability discrimination and retaliation. I have screened his Complaint, and I conclude that it's too conclusory to proceed. I will dismiss it but give him an opportunity to file an amended complaint that includes more factual detail.

## I. FACTUAL ALLEGATIONS

Mr. Kalasheh began working for Verdantas on April 15, 2024. He "witnessed a coworker being subjected to a hostile workplace and silent firing." (ECF No. 2 at 6 (§ II.E.).) The company laid off his coworker was on June 10, 2024, after "reporting their situation to management and HR." (*Id.*) An unidentified person then subjected Mr. Kalasheh to "workplace harassment" on June 26, 2024. and he "reported it as such" two days later, "after being threatened with defamation of character and retaliation." (*Id.*) Mr. Kalasheh appears to allege that "the HR for the company" required him to "undergo a mandatory

FFD evaluation[1] for prior disclosed ADA conditions that were not of any issue." (*Id.*) However, the "clinic assigned was unable to evaluate these conditions." (*Id.*) He asserts that he was "wrongfully terminated for not attending an illegal FFD evaluation on July 16[,] 2024, just hours after [he] had requested in writing to discuss a mutual separation agreement, and 10 days after [he] … expressed [his] desire[] to file with the EEOC to have a counselor involved." (*Id.*) "No investigation into [his] reports of a hostile work environment were ever completed prior to [his] wrongful termination." (*Id.*) Mr. Kalasheh "was also discriminated against for being a past/current victim of domestic abuse," and he sought "to keep this situation from the ears of [his] prior abusers in [his] home." (*Id.*)

Mr. Kalasheh asserts that he filed a charge with the Equal Employment Opportunity Commission on February 6, 2025, and the EEOC issued a right-to-sue letter on June 4, 2025. He checked the boxes on his form Complaint indicating an intent to bring claims pursuant to the ADA and the PHRA for wrongful termination of his employment, failure to accommodate his disability, failure to stop harassment, and retaliation.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he cannot pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601

---

[1] Although Mr. Kalasheh does not specify, I understand "FFD evaluation" to mean a "fitness-for-duty" evaluation. *See, e.g.*, *Thomas v. Corwin*, 483 F.3d 516, 523, 527, 530-31 (8th Cir. 2007) (evaluating claims that an FFD evaluation was discriminatory or retaliatory in violation of the ADA).

2

(3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.    DISCUSSION**

    **A.    *In Forma Pauperis***

Mr. Kalasheh has completed the Court's required forms and attested under penalty of perjury that he lacks the income or assets to pay the required fees for this case. I will therefore grant him leave to proceed *in forma pauperis*.

    **B.    Plausibity Of Claims**

To state a claim for employment discrimination under the ADA, a plaintiff must allege that he has a disability within the meaning of the ADA, he was "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations

by the employer; and []he suffered an otherwise adverse employment decision as a result of discrimination." [2] *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220-21 (3d Cir. 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (cleaned up)). A person is disabled within the meaning of the ADA if they: (1) have '"a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Eshleman*, 961 F.3d at 245 (quoting 42 U.S.C. § 12102(1)).

Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem' l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)). To state a claim for a hostile work environment in the context of the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability under the ADA; (2) he was subject to

---

[2] Pennsylvania courts "interpret the PHRA in accord with its federal counterparts." *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006).

4

unwelcome harassment; (3) his employer harassed him because of his disability or because of a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and to cause an abusive working environment; and (5) the defendant employer knew or should have known of the harassment and failed to take prompt effective remedial action. *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667 (3d Cir. 1999).

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge … under [the ADA]." *Id*. This provision is similar to Title VII's prohibition of retaliation. *See* 42 U.S.C. § 2000e–3(a). Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases). A plaintiff states a retaliation claim based on employment discrimination if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) []he engaged in conduct protected by Title VII [or here the ADA]; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017). A general complaint about unfair treatment does not constitute protected activity; a plaintiff

5

must show that he complained specifically about unlawful discrimination. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

Mr. Kalasheh's Complaint will contains only conclusory allegations. He labels his termination wrongful and says that he endured a hostile work environment, discrimination, and retaliation. Those are legal conclusions, not factual allegations, and I cannot reach the legal conclusions unless a plaintiff pleads facts to support those conclusions. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Mr. Kalasheh asserts that his Complaint is merely "a brief summary that does not include each and every date and detail of events." (ECF No. 2 at 6.) But the reason that he has not stated a claim to relief is because those details are missing from his Complaint. He doesn't have to include every fact, but he must allege enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mr. Kalasheh points to material in case files that the EEOC and unspecified state authorities hold. But I don't know what's in those case files, and Mr. Kalasheh has not provided any such documents as exhibits to support his factual allegations. Mr. Kalasheh fundamentally fails to "allege sufficient facts in [his] complaint[] to support a claim." *Vogt*, 8 F.4th at 185 (citation omitted).

Because Mr. Kalasheh is *pro se*, I will give him an opportunity to file an amended complaint. If he does so, he must include facts that demonstrate his right to relief. That means that if I take them as true, they will establish all of the elements of at least one of

the claims that he asserts in this case. I will deny Mr. Kalasheh's motion to appoint counsel, If he files an amended complaint and that survives a motion to dismiss, then he may renew his motion at that time.

## IV.   CONCLUSION

I will grant Mr. Kalasheh leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Kalasheh may file an amended complaint. An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

October 28, 2025